IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE WASHINGTON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:19-cv-01436-C (BT) | |
| § | | |
| § | | |
| DALLAS COUNTY JAIL § | | |
| FACILITY, Et. AL, § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Freddie Washington, a pretrial detainee confined in the Dallas County Jail, brings this civil action under 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The Court has not issued process pending judicial screening. Now, for the following reasons, the magistrate judge recommends the Court issue process as to Washington's Equal Protection claim against Dallas County Sherriff Marian Brown and dismiss his remaining claims.

I.

In this lawsuit, Washington alleges Defendants the Dallas County Jail Facility, various John Doe Dallas County Jail personnel, and the Dallas County Sheriff violated his civil rights by housing him in a Unit that was

1

segregated by race so that his Unit included only black inmates. He states this segregation began on March 20, 2019, and on September 9, 2019, he filed a response stating he is no longer incarcerated in a segregated cell. (ECF No. 12 at 1.) Washington further states he was assaulted by other inmates twice while housed in the segregated Unit, and he claims the assaults were a result of the segregation. He also alleges he received inadequate medical care for his tooth. He seeks money damages.

## II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

**1.  Dallas County Jail Facility**

Washington named the Dallas County Jail Facility as a defendant. This defendant, however, is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). *See Lindley v. Bowles*, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas

County Jail is not a proper defendant with a jural existence); *Pantoja v. Dallas County Jail*, 2001 WL 1343437 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail, nor its medical staff and medical department are separate legal entities subject to suit under § 1983). Because the Dallas County Jail Facility is a nonjural entity, this defendant should be dismissed.

### 2. Dallas County Sheriff and John Doe Defendants

Washington also named "Dallas Sheriff Officers" as a defendant. (*See* ECF No. 11 at 2.) The Court liberally construes Washington's *pro se* pleading as a claim against Dallas County Sheriff Marian Brown. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'"). Claims lodged against a public official, like the Sheriff, in her "official capacity" are claims against the governmental entity the official represents—in this case, Dallas County. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

For a municipality such as Dallas County to be liable under § 1983, a plaintiff must identify a policymaker, an official policy, and a violation of his constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). The Court construes Washington's claim as identifying the Sheriff as the official

policymaker and alleging that Dallas County had an official policy or custom of segregating inmates by race in violation of his constitutional rights.

A custom or policy of racially segregating inmates can violate the Equal Protection Clause of the Fourteenth Amendment. *See Lee v. Washington,* 88 U.S. 333 (1968) (per curiam); *Karl v. Collins*, 1995 WL 696704 at *1 (5th Cir. 1995) (per curiam) (citing *Williams v. Treen*, 671 F.2d 892, 902 (5th Cir. 1982)). Any such policy or custom is subject to strict scrutiny review. *Johnson v. California*, 543 U.S. 499, 515 (2005).

Taking Washington's allegations as true, the Court is unable to determine at this point that the allegations are frivolous. Washington's claim that Sheriff Brown violated his Equal Protection rights by placing him in a segregated cell should proceed and process should be issued as to Sheriff Brown on this claim.

To the extent Washington identified various John Does as defendants in this case, the Court is unable to issue process to a John Doe defendant. These defendants should be dismissed without prejudice to Washington amending his complaint to identify these defendants by name.

### 3. Medical Care

Washington states he received inadequate medical care for his tooth, which he claims should be extracted. Washington filed this same claim in

5

another case that is currently pending. *See Washington v. Dallas County Jail Parkland*, No. 3:19-cv-1435-S (BK) (N.D. Tex.). In response to a Magistrate Judge's Questionnaire, Washington confirmed that his medical claim in this case is the same as his medical claim in cause number 3:19-cv-1435-S (BK). (*See* ECF No. 15 at 3.) Washington's medical claim should therefore be dismissed without prejudice as duplicative.

IV.

The magistrate judge recommends: (1) Washington's claim that Sheriff Brown violated his constitutional rights by holding him in a segregated cell should proceed and process should issue as to this Defendant on this claim; (2) Washington's claims against the John Doe defendants and his medical care claim should be dismissed without prejudice; (3) and Washington's claim against the Dallas County Jail Facility should be dismissed with prejudice under 28 U.S.C. § 1915A and § 1915(e).

Signed December 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).