IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDDIE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-1436-C-BT |
| | § | |
| DALLAS COUNTY JAIL FACILITY, | § | |
| et al., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Freddie Washington filed this civil action under 42 U.S.C. § 1983, alleging that the Dallas County Sheriff violated his constitutional rights by housing him in a racially-segregated jail unit. On August 16, 2019, the Court granted Washington leave to proceed under 28 U.S.C. § 1915 and ordered him to pay the $350.00 filing fee in monthly installments as provided in 28 U.S.C. § 1915(b)(1). Am. Filing Fee Order (ECF No. 9). The Court further ordered Washington to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. *Id.* The Court warned Washington that failing to file a written Notice of Change of Address could result in his case being dismissed for want of prosecution. *Id.*

To date, Washington has not paid the filing fee or made any installments on the balance. The Court has also learned that Washington may no longer be incarcerated at the Dallas County Jail. Copies of court documents have been

returned as undeliverable, but Washington has never filed a written Notice of Change of Address with the Clerk.

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629-30 (1962)). Here, Washington has not paid the filing fee or made any installments on the balance. The fact that he may have been released after filing his complaint does not affect his obligation to pay the filing fee. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (holding that a person who files a notice of appeal while in prison remains subject to the filing-fee requirements of the PLRA despite subsequent release from prison); *accord Farley v. Simpson*, 178 F. App'x 340, 341 n.1 (5th Cir. 2006) (per curiam) ("Although [plaintiff] was released from prison after he filed his appeal, the fee filing requirements of the Prison Litigation Reform Act nevertheless apply because he filed his appeal while he was in prison."). This Court has applied the *Gay* holding to pending cases filed by prisoners, including other cases filed by Washington. *See* Order (ECF No. 11), *Washington v. Dall. Cnty. Jail Parkland*, 3:19-cv-1435-S-BK (N.D. Tex. Jan. 16, 2020); *see also Plemons v. Dall. Cnty. Sheriff's*

*Dep't*, 2018 WL 4922435, at *1-2 (N.D. Tex. Sept. 18, 2018), *adopted by* 2018 WL

4913853 (N.D. Tex. Oct. 9, 2018).

Washington has also failed to keep the Court apprised of his current address.

Without this information the Court cannot communicate with Washington, and

the case cannot proceed. The Court previously warned Washington that his case

could be dismissed if he failed to keep the Court apprised of his current address.

Accordingly, the Court should dismiss Washington's claims without prejudice for

want of prosecution under Rule 41(b).

Signed September 2, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).